Dooley, J.,
¶ 11. concurring. I concur in the majority decision that the trial court could find that B.G. may be adjudicated a child in need of care or supervision (CHINS) under 33 V.S.A. § 5102(3)(A) on the basis that the child was abandoned. I agree that the statute is so broadly written that it covers even a case where the child is being safely and appropriately cared for as arranged by the parent. I am writing this concurrence, as I did in In re M.O., 2015 VT 120, ¶¶ 17-25, 200 Vt. 384, 131 A.3d 738 (Dooley, J., concurring), to point out that the fact that the Department for Children and Families (DCF) can legally intervene to have the child declared a CHINS does not mean that it should do so in all cases. At least on the record before us, it appears that the child is being cared for safely and appropriately by the step-grandmother. The CHINS adjudication means the commitment of extensive resources by DCF and the legal system to this mother and child at a time when there are not enough such resources to go around and when alternatives may be available that will protect the interests of the child in a less resource-intensive way. As I said in M.O., “l think DCF and the Legislature need to take a hard look at cases like this one to determine whether there is a way to protect a child in circumstances like this that involve an alternative to DCF custody.” Id. ¶ 23. I make the same point if custody remains with the step-grandmother but the extensive resources of an overloaded legal system go to an adjudication and an appeal followed by ongoing case supervision. All stakeholders in this system must work together to prioritize and advance expeditiously the cases where legal intervention is necessary to protect the critical interests of the child; we cannot let other cases undermine that challenging mission.